UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-00366 JFW-AFMx                                  Date: January 24, 2022   JS-6

Title    Credit Corp Solutions, Inc. v. Marvina McAdory et al

Present: The Honorable   John F. Walter, U.S. District Judge

|  Shannon Reilly   |       N/A                 |
|  Deputy Clerk     | Court Reporter / Recorder |

|  Attorneys Present for Plaintiff:  |  Attorneys Present for Defendant:  |
|  N/A                                |  N/A                                |

**Proceedings: (In Chambers)**      **ORDER REMANDING MATTER TO STATE COURT**

On December 6, 2021, Credit Corp Solutions, Inc., Assignee of Synchrony Bank ("Plaintiff"), filed a Complaint in state court for (1) Account Stated and (2) Open Book Account against defendant Marvina McAdory ("Defendant"), and Does 1 through 15. The Complaint alleges that Synchrony Bank FKA GE Capital Retail Bank issued a credit account to Defendant who was authorized to make purchases and/or transactions. The Complaint further alleges that Defendant defaulted in making the required payments and thereafter "Plaintiff was assigned and transferred all right, title and interest in the credit account." The Complaint asserts an unpaid balance of $1,204.64. Defendant removed the action to this Court on January 14, 2022. Defendant asserts that jurisdiction exists in this Court because: (i) Federal question jurisdiction allegedly exists, (ii) "Plaintiff is a debt buyer. Plaintiff's main office is located in the state of Utah. Thus, Plaintiff is a citizen of Utah." and (iii) There is more than $75,000 in controversy. Defendant seeks damages in the amount of $800,000. (Notice of Removal, at 1, 2.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-00366 JFW-AFMx                                         Date: January 24, 2022   JS-6

Title      Credit Corp Solutions, Inc. v. Marvina McAdory et al

792 F.2d 925, 927 (9th Cir. 1986).  A "strong presumption" against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

      First, it is clear from the face of the Complaint that there is no diversity jurisdiction under 28 U.S.C. § 1332.  Even if Defendant could establish diversity of citizenship, the amount in controversy is alleged to not exceed $25,000 – well below the statutory threshold of $75,000.  Defendant's unsupported assertion that she is seeking damages in the amount of $800,000 is unavailing.  The amount in controversy is determined based on Plaintiff's allegations in the complaint, not on a yet-to-be asserted counterclaim.  *See Frantz v. Midland Corporate Tax Credit III Limited Partnership*, 2014 WL 4656475 at *2 (D. Id. 2014) (counterclaims cannot be used to satisfy the amount in controversy requirement to establish removal jurisdiction); *Franklin v. Car Financial Services, Inc.*, 2009 WL 3762687 at *2 (S.D. Cal. 2009) (same).  In addition, Defendant has not plausibly alleged a basis for $800,000 in damages.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).  The Complaint asserts a claim for unpaid balance of $1,204.64 and a total amount at stake of less than $25,000. Defendant has made no plausible allegations showing how those damages and any potential counterclaim damages could exceed $75,000.

      Second, subject matter jurisdiction exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  No federal claim is stated on the face of the Complaint.  Any counterclaim by Plaintiff does not create a federal question under the well pleaded complaint rule.

      The Court thus lack subject matter jurisdiction and REMANDS the action to state court forthwith. The Court Clerk shall promptly serve this order on all parties who have appeared in this action.

      **IT IS SO ORDERED.**